# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

___

| | |
|---|---|
| LEE EDWARD GRAHAM, JR. and SENIECE GRAHAM, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>JOHN F. BENNETT, )<br>)<br>Defendant. ) | Case No. 04-2136 |

___

## OPINION
___

A jury trial in this matter is set to begin in this matter on March 26, 2007, on Plaintiffs' claim of excessive force against Defendant John Bennett. Because this court has extensively discussed the facts in this matter in ruling on the prior motion for summary judgment, the court will not reiterate them here. In anticipation of trial, the parties have filed motions in limine. For the reasons that follow, Defendant's Motion in Limine (#229) is GRANTED in part and DENIED in part and Plaintiffs' Motion in Limine (#231) is GRANTED in part and DENIED in part.

### Defendant's Motion in Limine

In his motion in limine, Defendant first seeks to bar Plaintiffs from introducing evidence or arguing that Plaintiffs were arrested without probable cause on September 26, 2003. The court agrees with Defendant that this claim has been dismissed by this court on summary judgment and that ruling was upheld on appeal. Plaintiffs indicate in their response that they have no objection to this portion of the motion in limine. Accordingly, this portion of the motion in limine is granted.

Defendant further seeks to bar Plaintiffs from presenting evidence or arguing that Defendant

or any previously dismissed defendant conspired with any other person to deprive Plaintiffs of their constitutional rights because this claim was also disposed of by this court on summary judgment and Plaintiffs did not appeal this ruling. Plaintiffs object to this portion of the motion in limine only to the extent that they do not wish to be precluded from arguing bias on behalf of the police officers in that they wrote their reports in a manner to cast Defendant's actions in the best possible light. This court agrees with Defendant that any claim of conspiracy is no longer viable in this action and any evidence of an alleged conspiracy is therefore precluded. However, this court will allow Plaintiffs to argue that the officers are biased in favor of Defendant at trial.

Next, Defendant seeks to bar Plaintiffs from introducing evidence that Defendant or any previous defendant violated the Fourteenth Amendment rights of Plaintiffs. Defendant further seeks to bar Plaintiff from introducing evidence that Defendant or any previous defendant singled out any individual to harass or arrest on the basis of race, failed to investigate claims on the basis of race, or otherwise conducted the police investigation in a biased fashion due to race. This court agrees that Plaintiffs will be barred from presenting any such evidence as it would apply to an independent cause of action because Plaintiff's Fourteenth Amendment claims were previously dismissed by the court and not appealed by Plaintiffs. However, the court will allow Plaintiffs to present evidence as to any racial bias on the part of Defendant directly relevant to the excessive force claim currently pending before this court.

In the fourth portion of his motion in limine, Defendant seeks to bar Plaintiffs from arguing that Defendant or any previous defendant intentionally inflicted emotional distress on Plaintiffs or engaged in malicious prosecution because these claims were previously dismissed by this court and Plaintiffs did not appeal this dismissal. Plaintiffs only object to this portion of the motion to the extent that it seeks to preclude Plaintiffs from seeking compensatory damages for mental and

emotional pain and suffering for the pending excessive force claim. This court will allow Plaintiffs to present evidence for this limited purpose, but grants the motion in limine as it pertains to independent causes of action for such emotional pain and suffering.

Plaintiffs do not object to the remainder of Defendant's motion in limine in which he seeks to bar evidence that: (1) Defendant or any previous defendant struck Plaintiff Seniece Graham in the leg or should have intervened to stop Seniece from being struck because this claim has already been decided; (2) that counsel for Defendant has presented false records to the court or acted unethically with regard to his representation of Defendant; and (3) that Defendant or any previous defendant made settlement offers or engaged in settlement discussion with Plaintiffs. This court agrees that this evidence is irrelevant to the issues before the court or are otherwise barred.

Accordingly, Defendant's motion in limine is GRANTED in part and DENIED in part as discussed above.

## Plaintiffs' Motion in Limine

In the first portion of their motion in limine, Plaintiffs seek to bar evidence of the criminal history of Seniece Graham as it pertains to twelve separate instances. Defendant indicates in his response that he does not intend to introduce evidence relative to the twelve instances set forth by Plaintiffs in their motion, but will seek to introduce Seniece Graham's convictions of felony drug charges in 1996 and possession of a controlled substance in 1993. It is unclear whether Plaintiffs are seeking to bar admission of this evidence, and this court has insufficient information before it as to whether these convictions are admissible pursuant to Federal Rule of Evidence 609. However, Plaintiffs' motion in limine is granted as to the incidents set forth in their motion without objection by Defendant.

In the second portion of their motion in limine, Plaintiffs seek to bar admission of Plaintiff

Lee Graham's criminal history. Defendant objects only to the portion of the motion in limine relative to Lee's 2003 charge of aggravated battery of a police officer, his 2003 charge of obstruction of justice and destruction of evidence, his 2003 charge of resisting a peace officer, and his 2005 conviction of resisting a peace officer. These charges and conviction arose from the incidents which form the basis of the instant cause of action. Plaintiffs will remain free to testify and argue that the actions giving rise to these charges are unrelated to the excessive force claim. Plaintiffs are not barred from asserting that the timing of the actions which led to the charges make them irrelevant to the release of the pepper spray. However, this court finds Defendant should be permitted to present evidence of Lee Graham's actions which led to these charges to the extent Defendant asserts his discharge of pepper spray was a result of these actions. Accordingly, this portion of Plaintiff's motion is granted in part and denied in part.

Plaintiffs next seek to bar Defendants from introducing expert evidence as to the proper level of force to be used by police in various situations and on the issue of whether Defendant used excessive force. This court agrees with Plaintiffs that no expert can be permitted to testify as to the ultimate issue in this case, i.e., whether Defendant's use of force was reasonable under the circumstances presented. See Thompson v. City of Chicago, 472 F.3d 444, 458 (7th Cir. 2006) ("[t]he jury, after having heard all of the evidence presented, was in as good a position as the experts to judge whether the force used by the officers to subdue [the plaintiff] was objectively reasonable given the circumstances of this case). Therefore, Defendant will be barred from presenting expert evidence on whether Defendant used excessive force. However, this court, assuming a proper foundation is laid, will allow Defendant to present testimony as to the proper level of force which officers are instructed to use in various situations and the training officers receive. See Kladis v. Brezek, 823 F.2d 1014, 1019 (7th Cir. 1987).

Plaintiffs further seek to bar evidence that they arrived in a white Caprice or engaged in fighting outside of the presence of Defendant. This court agrees that any incident which occurred outside the presence of Defendant and of which he had no knowledge at the time the pepper spray was dispersed has no relevance to the issue of whether Defendant's use of force was reasonable from the perspective of a reasonable officer. Thus, to the extent Defendant seeks to introduce evidence of acts engaged in by Plaintiffs outside of his presence and without his knowledge, this portion of Plaintiffs' motion in limine is granted.

Plaintiffs also seek to bar Defendant from introducing any evidence as to claims filed against parties who are no longer defendants in this action. Defendant objects to this portion of the motion in limine, arguing that Plaintiff Lee Graham's decision to bring claims against multiple defendants with various civil rights violations "may be relevant and probative to Plaintiffs' motivations, interest, and bias in this matter." Defendant further alleges that Lee Graham sought publicity in bringing these claims with the hope of becoming a community civil rights leader. This court finds Defendant's assertions too speculative to outweigh the prejudice from the admission of evidence of claims which have been dismissed by this court. Accordingly, pursuant to Federal Rule of Evidence 403, this portion of Plaintiffs' motion in limine is granted.

Plaintiffs next seek to bar evidence that William Graham was once a party to this action because these dropped or dismissed counts are irrelevant to the remaining claim. Defendant argues that the original scope of the complaint could be relevant to damages and William Graham's role as a party could be relevant to his credibility as a witness. This court agrees with Plaintiffs that evidence of these dismissed counts is irrelevant to whether Defendant used excessive force and the prejudice resulting from admission of this evidence outweighs its probative value. Furthermore, this court finds Defendant has other ways to address the issue of bias with regard to William Graham

other than his participation in this case. Accordingly, this portion of the motion in limine is granted.

Plaintiffs further seek to bar Defendant from introducing evidence of awards or commendations received by Defendant. This court agrees with Plaintiffs that such evidence would be more prejudicial than probative to the issue of whether Defendant used excessive force on the night in question. Evidence of prior commendations could serve the improper function of providing evidence of action in conformity with Defendant's prior good performance on the police force. See Charles v. Cotter, 867 F. Supp. 648, 659 n. 6 (N. D. Ill. 1994). Accordingly, this portion of the motion in limine is granted.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion in Limine (#229) is GRANTED in part and DENIED in part as set forth above.

(2) Plaintiffs' Motion in Limine (#231) is GRANTED in part and DENIED in part as set forth above.

(3) This case remains set for a final pretrial conference on March 13, 2007, at 1:15 p.m. and a jury trial commencing March 26, 2007, at 9:00 a.m.

ENTERED this 12th day of March, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE