## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | |  |
|---|---|---|
| **LEE EDWARD GRAHAM, JR. and SENIECE GRAHAM,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 04-2136 |
| **JOHN F. BENNETT,** | ) ) | |
| Defendant. | ) | |

_____

## OPINION
_____

Plaintiffs have filed an Objection to the Magistrate Judge's Ruling on Plaintiffs' Rule 37(a) Motion to Compel Discovery (#241) and a Memorandum of Law in Support (#242). On February 12, 2007, Plaintiffs filed a Motion to Compel Discovery (#227) seeking to compel Defendant to answer questions at deposition regarding past complaints against him. Magistrate Judge Bernthal held a hearing on this motion on March 9, 2007, and denied the motion. Plaintiffs seek an order reversing that decision of the Magistrate Judge.

Plaintiffs indicate defense counsel instructed Defendant not to answer questions regarding this issue because, according to defense counsel, this court had already sustained objections to such questions in Plaintiffs' prior written interrogatories. Defendant asserts that this court made this ruling at a hearing held in this matter on September 15, 2006. Because no formal motion was filed on this issue, no written order was entered. Furthermore, there is no notation in the docket entry from the hearing held on September 15, 2006, regarding this issue. This hearing occurred prior to Plaintiffs being represented in this matter. Because there is no notation in the docket and Plaintiffs

were not represented by current counsel at that stage in the proceedings, this court feels it appropriate to revisit the merits of Plaintiffs' motion.

The issue to be determined at trial is whether Plaintiffs were subjected to excessive force by Defendant. In making this determination, the jury will need to decide whether Defendant's use of force was reasonable under the circumstances presented. As such, as a general rule, past complaint records of police officers are unnecessary because they lack relevance. However, there are two exceptions to this general rule: (1) when a municipality is named in an excessive force claim, past misconduct on the part of the officers may be used against the city; and (2) when Plaintiffs are seeking punitive damages. Scaife v. Boenne, 191 F.R.D. 590, 595 (N. D. Ind. 2000). The second exception applies in the instant case as Plaintiffs seek punitive damages on the only remaining claim, the excessive force claim, in their Amended Complaint.

In his initial response to the Motion to Compel (#232) and Memorandum in Support (#233), Defendant argues that these deposition questions are improper under the Illinois Personnel Record Review Act. However, when professional records are sought, the privacy interests of those involved is necessarily limited in a federal civil rights action brought against a police officer "in view of the role played by the police officer as a public servant who must be accountable to public review." Scaife, 191 F.R.D. at 595. Furthermore, "the Seventh Circuit has expressly ruled that state law does not supply the rule of decision in a discovery dispute when the principal claim is a federal claim." Scaife, 191 F.R.D. at 595. Defendant further argues punitive damages are no longer at issue in this matter following the remand from the Seventh Circuit. However, there is nothing in the Seventh Circuit's opinion striking the punitive damage request and this court has not stricken it either. While after hearing the evidence at trial in this matter the court may determine that the evidence does not support sending a punitive damage request to the jury, at this point it is still a viable issue.

Therefore, this court concludes Plaintiffs should be permitted discovery on this issue of prior complaints against Defendant. Accordingly, the decision of the Magistrate Judge ruling on Plaintiffs' Motion to Compel Discovery (#241) is reversed and Plaintiffs' Motion to Compel Discovery is GRANTED. However, this court agrees with the Magistrate Judge that no sanctions are warranted against defense counsel for instructing his client not to answer deposition questions as defense counsel believed he was relying on a previous ruling by this court. Furthermore, Plaintiffs should be aware that simply because they are being allowed discovery on this issue does not necessarily mean that this evidence will be admissible at trial. Defendant may file a motion in limine to bar the presentation of any of this evidence Plaintiffs seek to introduce and the court will take up the motion prior to the commencement of trial.

IT IS THEREFORE ORDERED:

(1) Plaintiffs' Objection to the Magistrate Judge's Ruling on Plaintiffs' Rule 37(a) Motion to Compel Discovery (#241) is GRANTED.

(2) The decision of the Magistrate Judge ruling on Plaintiffs' Motion to Compel Discovery (#241) is reversed and Plaintiffs' Motion to Compel Discovery (#227) is GRANTED. However, this court agrees with the Magistrate Judge that no sanctions are warranted against defense counsel for instructing his client not to answer deposition questions as defense counsel believed he was relying on a previous ruling by this court.

ENTERED this 14th day of March, 2007

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE